# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

IRIS LAMARR ANDERSON,

    Petitioner,

v.                                      Case No. 5:16-cv-460-Oc-35PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER DENYING PETITION

This cause comes before the Court on Iris Lamarr Anderson's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Anderson challenges his conviction for sexual battery on a person between 12 and 18 years of age by a person in familial or custodial authority. (Doc.1.) The State concedes that the petition is timely. (Doc. 11, pp. 7-9). Because the Court may resolve the petition based on the record, an evidentiary is not warranted. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

In 2013, a Marion County jury convicted Anderson of one count of sexual battery on a person between 12 and 18 years of age by a person in familial or custodial authority, occurring between June 2008 and April 2009.[1] (Respondents' Appendix, Doc.

---

[1] Petitioner was convicted under Fla. Stat. § 794.011(8)(b): "Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who . . . Engages in any act with that person while the person is 12 years of age or older but younger than 18 years of age which constitutes sexual battery

13, Exh. A, p.1; Exh. C (Trial Transcript), pp. 298-99) (hereafter "Exh."). At the trial in June 2013, the victim testified as follows: She was 15 years old when she had consensual sex with Anderson, her stepfather. She and Anderson shared a daughter who was 4 years old at the time of trial. (Exh. C, pp. 177-81.) A crime lab analyst from the Florida Department of Law Enforcement testified that after comparing the DNA of Anderson and the victim's daughter, there was a 99.99 percent chance he was the girl's father. (*Id.* at pp. 234-35, 243-44.) Evidence was also presented that Anderson acknowledged paternity in a court proceeding and paid child support. (*Id.* at pp. 183-85.)

The trial court sentenced Anderson to 30 years imprisonment. (Exh. C., pp. 315-17.) On appeal, Anderson's court-appointed counsel filed a brief pursuant to *Anders v. California*, 386. U.S. 738 (1967), and Anderson filed additional *pro se briefs.* (Exhs. D, E, F.) The state appellate court *per curiam* affirmed the conviction and sentence. *Anderson v. State*, 129 So.3d 1081 (Fla. 5th DCA 2013), (Exh. G.)

Anderson filed numerous post-conviction motions under the Florida Rules of Criminal Procedure, as well as habeas petitions, in the state appellate and trial courts, all of which were unsuccessful. *See* Exh. U (Rule 3.800); Exh. O (Rule 3.850); Exh. CC (habeas); Exh. Y (Rule 3.800); Exh. LL (habeas).

In his present petition, Anderson raises five grounds for relief: (1) the guilty verdict was not supported by sufficient evidence because there was no specific finding of penetration; (2) the evidence used to convict him was illegally obtained because the probable cause affidavit supporting the arrest warrant contained falsities; (3) the prosecutor committed intrinsic fraud upon the court; (4) the prosecutor and the trial

---

under paragraph (1)(h) commits a felony of the first degree . . . " Section 794.011(1)(h) defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . ."

court lacked subject matter jurisdiction because the information was insufficient; and (5) the appellate court's affirmance of his conviction and sentence violated his due process rights. (Docs. 1, 2.)

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a prisoner who challenges "a matter 'adjudicated on the merits in State court' to show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C.§ 2254(d)). A habeas petitioner "meets this demanding standard only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Dunn v. Madison*, 138 S. Ct. 9, 11 (2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). *See also Meders v. Warden, Ga. Diagnostic Prison*, 900 F.3d 1330, 1344 (11th Cir. 2018) ("[I]f some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied.") (citation and quotation marks omitted).

## EXHAUSTION AND PROCEDURAL DEFAULT

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The prohibition against raising unexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific

assertions of fact that might support relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

A federal claim is subject to procedural default where the petitioner failed to properly exhaust it in state court and it is obvious that the unexhausted claim would now be barred under state procedural rules. *See Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A procedural default may be excused if the petitioner establishes (1) cause for the default and prejudice, or (2) a fundamental miscarriage of justice. *Id.* at 1306. The fundamental-miscarriage-of-justice exception is "exceedingly narrow in scope" because it requires proof of actual innocence, not just legal innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

## **DISCUSSION**

Respondents contend that all five grounds in Anderson's petition were not properly presented as federal claims in state court, are now procedurally barred, and therefore are due to be dismissed. (Doc. 11, pp. 10-11.) In his Reply, Anderson argues that because the issues in his present federal habeas petition were all fundamental errors, they could be raised at any time in the state court proceedings and, therefore, he did properly exhaust his claims in state court. (Doc. 14.)

**Grounds One**

In Ground One, Anderson contends that there was insufficient evidence to support the jury's guilty verdict because there was no specific finding by the jury of penetration. (Doc. 1, p. 5; Doc. 2, pp. 3-7.) Anderson raised Ground One in his August 27, 2015, state habeas petition. (Exh. LL.) The state court found that the claim was procedurally barred because it should have been brought on direct appeal. (Exh. LL, pp. 41-46.) To the extent Anderson did raise this claim in his *pro se* briefs on direct appeal, he made no reference to

federal law or the Constitution in support of Ground One.

For a habeas petitioner to fairly present a federal claim to state courts:

> It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.

*McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotations and citations omitted). As part of such a showing, the claim presented to the state courts "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Reedman v. Thomas*, 305 F. App'x 544, 545–46 (11th Cir. 2008) (internal citation omitted). Anderson's failure to apprise the state courts of the constitutional nature of this claim leaves it unexhausted on federal habeas review. 28 U.S.C. § 2254(b)(1).

Even if Anderson had exhausted this claim, it is without merit. Anderson contends that the evidence was insufficient to support his conviction because there was no specific finding by the jury of penetration. (Exh. A, p. 235; Exh. C, p. 303.) The jury found Anderson guilty of sexual battery on a child older than 12 but younger than 18 years old by a person in familial or custodial authority. (Exh. A, p. 235.) The jury was instructed that to find Anderson guilty, it must find that the State proved, beyond a reasonable doubt, three elements. As to penetration, the jury was instructed: "Iris Anderson penetrated or had union with the vagina of [redacted] . . . Union means contact." (Exh. C, pp. 280-81.) The statute

under which Anderson was convicted defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . ." Fla. Stat. § 794.011(1)(h). The victim testified that she had sex with Anderson, and evidence was presented that he fathered her child. Anderson has not demonstrated that a rational trier of fact would be unable to find guilt beyond a reasonable doubt based on the evidence presented at trial.

Further, at sentencing, the State modified his scoresheet, reducing his sentencing points to reflect sexual contact versus penetration. (Exh. A, p. 232-33; Exh. C, pp. 302-03.) Ground One is unexhausted and without merit.

**Ground Two**

In Ground Two, Anderson argues that his conviction was obtained illegally because the January 16, 2013, probable cause affidavit supporting his arrest warrant "contained numerous material omissions." (Doc. 1, p. 7.) Anderson takes issue with the detective's use of the terms "domestic violence," "forced sexual intercourse," and "victim." (Doc. 2, p. 9.) The probable cause affidavit contains a chronology of his investigation, starting with assignment to the case on July 26, 2012, when he interviewed the victim and she stated that in July 2008, Anderson forced her to have sex with him and threatened to killer her if she told anyone. (Exh. A, pp. 3-4.) That same day, the detective interviewed Anderson, who denied any wrongdoing and provided a DNA sample. (*Id.*) On July 27, 2012, a DNA sample from the victim's daughter was collected and submitted to the Florida Department of Law Enforcement for analysis. (*Id.*) On January 2, 2013, the results of the DNA comparison were received, and there was a 99.9% probability Anderson was the father. (*Id.*)

Anderson correctly points out that the arrest affidavit contains an error when it states

that Anderson "did: knowingly and unlawfully commit the act of Sexual Battery by a person of Custodial Authority on Victim **Under** 12 years of Age – Domestic Violence when he had forced sexual intercourse with his 15 year old step-daughter/victim." (Exh. A, p. 3)(emphasis added). Anderson also states that the following facts were omitted from the affidavit: (1) an August 9, 2012 injunction against him preventing contact with the victim was lifted on August 29, 2012; (2) on September 12, 2012, the victim told the detective the sex was consensual; and (3) there was no "victim" because "the victim and defendant had moved on with their lives living together and raising their family." (Doc. 2, p. 9.)

Anderson raised this claim in his August 27, 2015, state habeas petition. (Exh. LL.) The state court found the claim to be inappropriate in a habeas petition because it should have been brought on direct appeal (Exh. LL, pp. 41-46.) Anderson did not raise this claim in his *pro se* briefs on direct appeal. (Exhs. E, F.) In Ground Two of his *pro se* brief, he argued that the trial court's denial of a motion to stay violated his "constitutional rights of due process of the appeals process . . . as well as a right to a fair trial." (Exh. E, p. 7; Exh. F, p. 2.) Anderson sought the stay because the denial of his pre-trial, *pro se,* motions to dismiss his criminal case were pending in the appellate court. The basis of those motions was that the arrest was not supported by probable cause. Anderson did not properly raise the issue in Ground Two of the present petition in the state courts, and it is now procedurally barred. However, even if he had done so, his claim is due to be denied.

Anderson's claim that the detective made deliberate misrepresentations of material fact in the affidavit of probable cause to obtain the arrest warrant arises under the Fourth Amendment and *Franks v. Delaware*, 438 U.S. 154 (1978) (holding that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the

warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held.") The Eleventh Circuit has held that claims such as Anderson's—"contending that the investigating police officer had made deliberate misrepresentations of material facts in the affidavit of probable cause used to obtain the arrest warrant"—are barred by *Stone v. Powell*, 428 U.S. 465 (1976) if the habeas petitioner had a full and fair opportunity to litigate the claim in state court. *Harris v. Dugger*, 874 F. 2d 756, 761 (11th Cir. 1989).

In state court, Anderson filed a pre-trial motion to dismiss contending the probable cause affidavit for his arrest contained false statements. (Exh. A, pp. 149-56.) The trial court denied this motion on April 19, 2013, stating:

> Defendant basically argues because the alleged victim was not under 12 years of age, he was unlawfully arrested and apparently all evidence obtained from his arrest warrant forward should be suppressed.
>
> The Defendant is not entitled to relief. It is the State of Florida, through the State Attorney's Office, that determines, post-arrest, which charge to file against a given defendant as the result of the arrest. Second, it is clear that the detective should have the word "over" instead of "under" age 12 as evidenced by the next line of the paragraph in the Probable Cause Affidavit of which the Defendant complains, which states the alleged victim is 15 years old.

(Exh. A, pp. 157-58.)

Anderson also filed a motion to suppress, seeking to suppress a DVD interview of the victim, all office statements, and the probable cause affidavit. (*Id.* at pp. 161-62.) The trial court denied that motion:

> On April 30, 2013, the Defendant appeared before this Court with the prosecutor and, as part of the review of the State's discovery, viewed, with the Court and the prosecutor, the statement on the DVD given by the victim. Based upon the review of the DVD, there is no grounds to suppress the alleged victim's statement. It was clearly made freely and voluntarily. Second, the Probable Cause Affidavit is typically not admitted into evidence. Furthermore, there is nothing in the Probable Cause

> Affidavit which would justify the evidence contained in the Affidavit being suppressed. The Probable Cause Affidavit indicates, among other things, that the alleged victim was 15 years of age at the time she had sex with the Defendant, who is her step-father and, as the Defendant is aware, the sexual relationship resulted in his minor daughter being born. Notably, in one of the Defendant's most recent letters to the prosecutor, a copy of which was sent to this Court and which has now been filed in the Court file, the Defendant acknowledges that, at the April 30 hearing, he had a chance to observe what he refers to as his minor daughter on the DVD. Additionally, whether the alleged victim has inconsistencies in her statement is not grounds for suppression.

(*Id.* at p. 185.) While Anderson appealed these motions prior to trial, he did not raise these issues in his direct appeal. He was afforded a full and fair opportunity to litigate the claim but failed to do so. Therefore, even he had properly exhausted this claim, it is barred from federal habeas review by *Stone v. Powell.*

Finally, even to the extent Anderson could argue that he could overcome the *Stone v. Powell* bar, he has failed to show that he was subject to a false arrest. "An arrest does not violate the Fourth Amendment if it is supported by probable cause." *Barr v. Gee*, 437 Fed. Appx. 865, 867 (11th Cir. 2011) (unpublished) (citing *Skop v. City of Atlanta, Ga.,* 485 F.3d 1130, 1137 (11th Cir. 2007)). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Id.* (quotation omitted). *See also Estrada v. Dep't of Corrections*, 2012 WL 1231990 (2012) (rejecting habeas petitioner's attack on validity of his arrest due to a deficient probable cause affidavit). The error and omissions Anderson takes issue with do not render his arrest unconstitutional.

**Ground Three**

In Ground Three, Anderson argues that his conviction was obtained by the

prosecutor's "intrinsic fraud" on the court. (Doc. 1, p. 8; Doc. 2, pp. 11-15.) Anderson claims that the prosecutor forced the victim to testify; committed a *Brady* violation by withholding the victim's statement that the sex was consensual; communicated with jurors during deliberations and withheld the jury's finding that no penetration occurred until after the jury was dismissed; and committed perjury while filing the charging information by omitting the essential element of force and misstating the victim's age. (*Id.*)

Anderson raised these claims in his Rule 3.850 motion (Exh. O) and in his state habeas petition (Exh. LL). In both instances, his claims were deemed procedurally barred. Because Anderson did not properly exhaust these claims in the state court, they are precluded from federal habeas review. However, even if Anderson had properly exhausted these claims, they are without merit.

In denying his Rule 3.850 motion, the post-conviction court did address the alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963), finding that no *Brady* violation occurred: "The Defendant claims that the victim's suppressed statement would show that the act was consensual. Consent is not a defense to the crime the Defendant was charged with. Therefore, this claim is without merit." (Exh. P, p. 4) (citation omitted). In the order denying his state habeas petition, the trial court again found the claims procedurally barred, but did discuss them:

> In his third ground, the Defendant claims his conviction was obtained by the State committing fraud on the Court. Specifically, the Defendant claims the State committed prosecutorial misconduct by using the Defendant's false arrest, and the knowledge gained from the probable cause affidavit, to prosecute him; committing a *Brady* violation; denying the Defendant his right to confront his accused by proceeding to trial with no victim; seeking a PRR [Prison Releasee Reoffender] sentence on an offense that does not include a violence element; and withholding the jury findings of no penetration. Claims of prosecutorial misconduct are issues that could have been, and should have been, raised on direct appeal. *McAffee v. State*, 925 So. 2d 1069 (Fla. 2d DCA 2006). Therefore, relief

through a petition for writ of habeas corpus is not appropriate for this kind of allegation.

The Court notes that the Defendant previously raised some of the above grounds in prior post-conviction motions. In his motion for post-conviction relief, pursuant to Rule 3.850, *Fla. R. Crim. P.*, the Defendant claimed the State committed a *Brady* violation. In the September 16, 2014 order, this Court found the Defendant's claim to be without merit. In his motion to correct illegal sentence, pursuant to Rule 3.800(a), *Fla. R. Crim. P.*, the Defendant claimed he was illegally sentenced as a PRR because sexual battery is not a forcible felony. On June 30, 2015, this Court denied the Defendant's motion.

The Defendant also claims the State committed prosecutorial misconduct by omitting the essential element of force from the charging document. The Defendant is mistaken that the Information charging him with sexual battery by a person in familial or custodial authority on a victim older than 12, but less than 18, years of age omitted any of the essential elements. The essential elements of sexual battery by a person in familial or custodial authority on a victim older than 12, but less than 18, years of age are (1) the victim was 12 years of age or older but less than 18 years of age; (2) the defendant stood in a position of familial or custodial authority with regard to the victim; and (3) the defendant committed an act upon the victim in which the penis of the defendant penetrated or had union with the vagina of the victim. §794.011(8)(b), *Fla. Stat.* There is no force element in the offense of sexual battery by a person in familial or custodial authority on a victim older than 12, but less than 18, years of age. The information charging the Defendant . . . states,

> [the Defendant] did unlawfully engage in an act with [the victim] . . . a person twelve (12) years of age or older, but less than eighteen (18) years of age, which constituted sexual battery, to wit: by causing his penis to penetrate or unite with the vagina of the victim, while, IRIS LAMARR ANDERSON was in a position of familial or custodial authority to [the victim] . . .

*See attached Information.* Because the information charging the Defendant with sexual battery by a person in familial or custodial authority on a victim older than 12, but less than 18, years of age included all of the essential elements, the Defendant's claim is without merit.

(Exh. LL, p. 43-45.)

Anderson's claims in Ground Three are unexhausted, and even if they were properly exhausted, are without merit, for the reasons set forth in the state court opinions. (Exhs. P,

U, LL.)

**Ground Four**

In Ground Four, Anderson argues that because the State's information against him was deficient, the court lacked subject matter jurisdiction to enter judgment against him. (Doc. 1, pp. 7-8; Doc. 2, pp. 16-17.) Anderson raised this claim in his August 27, 2015, state habeas petition, arguing that the information was not sworn to by the victim. (Exh. LL.) In that petition, he made no reference to the U.S. Constitution or federal law in support of this claim. (*Id.* at pp. 17-20.) Rather, he argued that the information was inconsistent with Florida case law and Rule 3.140(g) of the Florida Rules of Criminal Procedure. (*Id.*) The state court, interpreting Florida law, concluded that "[a] sworn statement from the victim is not required. An arrest affidavit from the arresting officer is sufficient to satisfy . . . Rule 3.104(g)" and "the information properly invoked this Court's jurisdiction over [Anderson's] case." (*Id.* at pp. 45-46.) Anderson's failure to apprise the state courts of the federal constitutional nature of this claim leaves it unexhausted on federal habeas review. 28 U.S.C. § 2254(b)(1). *See McNair*, 416 F.3d at 1302.

Even if Anderson had exhausted this claim, it is without merit. Under the Sixth Amendment, a criminal defendant has a right to reasonable notice of the charge against him. *In re Oliver*, 333 U.S. 257 (1948) (A person's right to reasonable notice of the charge against him is applied to the states through the Fourteenth Amendment.) However, the sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. *Murphy v. Beto*, 416 F.2d 98 (5th Cir.1969); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980); *DeBenedictis v. Wainwright*, 517 F.Supp. 1033, 1036 (S.D. Fla. 1981).

In this case, the state court determined the information was sufficient under state law. (Exh. LL, pp. 45-46.) A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Nor has Anderson shown that the information was so defective as to deprive the convicting court of jurisdiction. Ground Four is without merit.

**Ground Five**

In Ground Five, Anderson argues that when the Fifth District Court of Appeal affirmed the denial of his August 27, 2015, state habeas petition, it violated his due process rights. (Doc. 1, p. 16; Doc. 2, p. 19-22.)[2] Anderson then re-argues the four claims raised in the state habeas petition and in the present federal habeas petition. (*Id.*) The analysis of Grounds One-Four above considers the Fifth DCA's decision and, to that extent, Ground Five is duplicative.

To the extent Ground Five can be construed as a separate federal due process claim arising from the Fifth DCA's decision, that federal claim is without merit. The Fifth DCA permitted Anderson to argue his appeal before it, and its decision to affirm the lower court's decision was not contrary to, or involved an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] Respondents suggest that this claim was presented for the first time on federal habeas review. (Doc. 11, p. 11.) Although the records are not included in the Respondents' Appendix, the Court takes judicial notice of Florida Supreme Court cases *Anderson v. Dep't of Corrections,* SC16-1135 (dismissing Anderson's petition for review for lack of jurisdiction on June 29, 2016); and *Anderson v. Fla. Dep't of Corrections*, SC17-186 (dismissing Anderson's petition seeking belated discretionary review on Feb. 3, 2017). Fed. R. Evid. 201. Petitioner sought review from the Florida Supreme Court, arguing that the Fifth District Court of Appeal's affirmance of the denial of his state habeas petition violated his due process rights. Accordingly, Ground Five

To the extent that Ground Five can be construed as a claim of cumulative error, the assertion also fails. Anderson has not shown an error of constitutional dimension with respect to any federal habeas claim. Therefore, he cannot show that the cumulative effect of the alleged errors deprived him of fundamental fairness in the state criminal proceedings. *See Morris v. Sec 'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (refusing to decide whether post-AEDPA claims of cumulative error may ever succeed in showing that the state court's decision on the merits was contrary to or an unreasonable application of clearly established law, but holding that petitioner's claim of cumulative error was without merit because none of his individual claims of error or prejudice had any merit); *Forrest v. Fla. Dep't of Corr.*, 342 F. App'x 560, 565 (11th Cir. 2009); *Hill v. Sec'y, Fla. Dep't of Corr.*, 578 F. App'x 805 (11th Cir. 2014)(same). Anderson is not entitled to federal habeas relief on Ground Five.

## CONCLUSION

Accordingly, Anderson's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The **CLERK** is directed to enter a judgment against Anderson and to **CLOSE** this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

**IT IS FURTHER ORDERED** that Anderson is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a

---

was exhausted in the state courts and is discussed herein on the merits.

constitutional right." To merit a certificate of appealability, Anderson must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Anderson is not entitled to a certificate of appealability, and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Anderson must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Ocala, Florida, this 16th day of August, 2019.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE